1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

MASON AMOS,

    Plaintiff,

v.

MAKITA U.S.A., INC.,

    Defendant.

2:09-cv-01304-GMN-RJJ

**ORDER**

Plaintiff's Motion for Sanctions Barring Makita From Using Its Expert Disclosure and Its Rebuttal Expert From Testifying on Its Behalf (#23)

This matter came before the Court for a hearing on Plaintiff's Motion for Sanctions Barring Makita From Using Its Expert Disclosure and Its Rebuttal Expert From Testifying on Its Behalf (#23). The Court also considered Defendant's Opposition (#27), Plaintiff's Reply (#30), and Oral Arguments.

## <u>BACKGROUND</u>

This is an insurance subrogation case. Back in April 2008, a fire broke out at Mason Amos' home while he was at work. The fire was allegedly ignited by a failed Makita battery and battery charger.

The Court approved the parties' Stipulated Discovery Plan (#11) at a hearing on October 13. 2009. The plan designated the date by which expert disclosures would be due as March 15, 2010. Rebuttal expert disclosures were due by April 14, 2010. Discovery was set to close on May 14, 2010.

On April 21, 2010 Defendant, Makita, filed a motion to extend discovery (#21) for 45 days to June 28, 2010. The Court granted the 45 day extension on August 19, 2010 (#39). Trial is set for March 14, 2011 (#37).

Plaintiff submitted its expert disclosure on March 15, 2010, designating Jerry Wolf and Eric Andersen as experts. Makita did not disclose any expert at that time. Later on April 14,

1    2010, Makita designated Jack Hyde as its rebuttal expert.

2         Plaintiff then filed this Motion for Sanctions Barring Makita from Using its Expert

3    Disclosure and its Rebuttal Expert from Testifying on its Behalf (#23) asserting that Jack Hyde

4    should have been disclosed as an expert on March 15 and not on April 14.  Plaintiff argues that

5    because Hyde will testify on matters that are expected and could be anticipated that he is not a

6    rebuttal expert, and Makita should not be permitted to use his report or testimony at trial.

7    Plaintiff asserts that this sanction should be automatic because the failure to disclose was not

8    substantially justified nor was it harmless.

9         Makita argues that its disclosure was not untimely because it identified Hyde by the April

10   14 deadline.  Even if its disclosure was untimely, it was substantially justified because Plaintiff

11   knew that Makita understood that its expert report was due April 14, 2010.  Makita argues that

12   the failure was harmless because there is no surprise and no prejudice.  Additionally, Makita

13   states that even if sanctions are required, exclusion of its expert is not the correct sanction in this

14   situation.

15                            **DISCUSSION**

16   **I. Whether Makita's Disclosure Was Timely**

17         Parties must disclose their experts "at the times and in the sequence that the court

18   orders."  FED. R. CIV. P. 26(a)(2)©.  The Court's Order designated the deadline for expert

19   disclosures as March 15, 2010, and the deadline for rebuttal expert disclosures by April 14, 2010.

20   Stipulated Discovery Plan (#11) at 3 ¶¶ 8(b); 8©.

21         The Ninth Circuit has held that rebuttal experts are not rebuttal experts if the testimony

22   they give does not address or rebut previously disclosed expert testimony.  *Mainochi v. Union*

23   *Pacific Corp.*, 2007 WL 2022027 at *1 (N.D. Cal. 2007) (holding that a witness was not a

24   rebuttal expert where the expert he purportedly rebutted did not give an opinion regarding

25   reasonableness of fees); *Houle v. Jubilee Fisherees, Inc.*, 2006 WL 27204 at *2 (W.D. Wash.

26   2006) (holding that a witness was not a rebuttal expert where his report did not cite, mention, or

27   indicate that he was aware of the previous expert report).

28         If the purpose of expert testimony is "to contradict an expected and anticipated portion of

                                      2

1  the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to

2  one." *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992) (*quoting Morgan v. Commercial*

3  *Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979).  The rebuttal date is not intended to

4  provide an extension of the deadline by which a party must deliver the lion's share of its expert

5  information.  *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th

6  Cir. 1996).  Rebuttal experts cannot testify in their parties' case-in-chief.  *Lindner v. Meadow*

7  *Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).  Rebuttal expert testimony is limited to

8  presenting evidence that "is intended solely to contradict or rebut evidence of the same subject

9  matter identified by an initial expert witness."  *Lidner*, 249 F.R.D. at 635-36 (*quoting* Fed. R.

10  Civ. P. 26(a)(2)©).

11      Here, Makita asserts that it timely disclosed Hyde's report because his testimony directly

12  rebuts Plaintiff's experts.  Plaintiff asserts that he is not a rebuttal expert, and that his disclosure

13  should have been made simultaneously with Plaintiff's experts.  Both of Plaintiff's experts, Wolf

14  and Andersen, have asserted that the battery and battery charger were Makita products, have

15  disclosed how they arrived at that information, and concluded that the Makita products caused

16  the fire.

17      Makita asserts that Hyde's testimony rebuts these assertions, as he will testify about the

18  non-involvement of the Makita product and his opinions regarding the cause and origin of the

19  fire.  Exhibit 1 at 2 lns. 6-9, Attached to Plaintiff's Motion (#23).  However, Hyde is not being

20  called to rebut Plaintiff's experts alone, but will be called to testify to a new, alternative theory of

21  the fire's origin – that the fire started because of "a faulty connection in the outlet located inside

22  the kitchen cabinet south of the kitchen range."  Hyde Report Exhibit B at 11, Attached to

23  Exhibit 1, Attached to Plaintiff's Motion (#23).  This is outside the scope of the opinions of

24  Plaintiff's experts.  Even if it is not outside that scope, the subject of the causation of the fire is

25  an expected and anticipated portion of Defendant's case-in-chief, and therefore Hyde cannot be a

26  rebuttal expert or anything analogous to a rebuttal expert.  *Apex Oil*, 985 F.2d at 245.

27      Allowing Hyde to testify as more than a rebuttal expert would allow Makita to use the 30

28  day deadline for disclosure of rebuttal experts as an extension of time for disclosing the lion's

1    share of its expert information.  *See Sierra Club*, 73 F.3d at 571.  Causation of the fire is the

2    central issue of this entire litigation.  Makita knew that long before the expert disclosure

3    deadlines.

4         For these reasons, Hyde is not intended to testify solely as a rebuttal expert. Makita failed

5    to timely disclose Hyde as an expert witness pursuant to the Court's Scheduling Order (#11).

6    **II.  Substantial Justification**

7    FED. R. CIV. P. 37(c)(1), in pertinent part, states that:

8         If a party fails to provide information or identify a witness as required by Rule 26(a)
         or (e), the party is not allowed to use that information or witness to supply evidence
9         on a motion, at a hearing, or at a trial, unless the failure was substantially justified or
         is harmless.

10

11        The district court has wide latitude in using its discretion to issue sanctions under FED. R.

12   CIV. P. 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106

13   (9th Cir. 2001).  The burden is on the disclosing party to show that the delay was substantially

14   justified or harmless.  *See Yeti by Molly*, 259 F.3d at 1106-07 (holding it is implicit in RULE

15   37(c)(1) that the burden is on the party facing sanctions to prove harmlessness).

16        Among the factors that may properly guide a district court in determining whether a

17   violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party

18   against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the

19   likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely

20   disclosing the evidence.  *Manneh v. Inverness Medical Innovations, Inc.,* 2010 WL 3212129 at

21   *2 (S.D. Cal. 2010) (quoting *Lanard Toys, Ltd. v. Novelty, Inc.*, 2010 WL 1452527 at *6 (9th

22   Cir. Apr. 13, 2010).  Inadvertent mistakes and unintentional oversights are not substantial

23   justifications for delay.  *R & R Sails Inc. v. Insurance Co. Of State of Penn.,* 251 F.R.D. 520, 526

24   (S.D. Cal. 2008).

25        To justify its late disclosure, Makita claims that Plaintiff knew that Makita misunderstood

26   the expert disclosure deadline because it mistakenly believed that Hyde was a rebuttal expert.

27   Defendant's Response (#28) at 7 lns. 3-8; Emails, Exhibit 8, Attached to Plaintiff's Motion

28   (#23).  Makita also cites to the fact that Plaintiff did not provide its expert files for Hyde to

4

1  review until March 15, 2009, even though they requested those files twice on October 16, 2009

2  and again November 24, 2009.  Defendant's Response (#28) at 5-6.

3       Makita's misunderstanding of the scheduling order and Plaintiff's awareness of that

4  misunderstanding is not a substantial justification for the late disclosure.  *See R & R. Sails*, 251

5  F.R.D. at 526.  Neither is the fact that Plaintiff did not provide Hyde with its expert files.  It is

6  unclear to which "expert files" Makita refers because no expert reports were due until the date

7  specified in the scheduling order.  Further, Hyde conducted his own interview with Amos,

8  conducted his own investigation of the loss site, collected his own evidence including

9  photographs, took his own notes, and participated in the joint artifact examination with Wolf and

10 Andersen.  Hyde Report at 3 ¶¶ 1-3. Attached as Exhibit B, Attached to Exhibit 1, Attached to

11 Plaintiff's Motion (#23).  Hyde did not need Plaintiff's expert files to form his own opinion

12 regarding the causation of the fire and in order to submit a timely report.  Makita was not entitled

13 to receive Plaintiff's expert disclosure before the day set forth in the scheduling order, March 15,

14 2010.  Because Makita has no viable excuse, its late disclosure was not substantially justified.

15 **III.  Harm**

16      A party is not harmed where, even though an expert disclosure fails to satisfy

17 FED. R. CIV. P. 26, the party knew about the expert, knew about the content of the expert's

18 testimony, and had an opportunity to depose the expert.  *See Ricks v. BMEzine.com, L.L.C.*, —

19 F.Supp.2d —, 2010 WL 2985795 (D. Nev. 2010).  Harmlessness may be established if a

20 disclosure is made sufficiently before the discovery cut-off date to give the opposing party

21 sufficient time to conduct discovery.  *Frontline Med. Assocs. v. Coventry Health Care*, 263

22 F.R.D. 567, 570 (C.D. Cal. 2009) (holding that where plaintiff had an opportunity to depose

23 those experts, there was no harm).

24      Here, Plaintiff knew that Hyde would likely testify as Makita's expert even before the

25 complaint was filed because Hyde was hired by Makita to investigate the fire even before

26 litigation began.  Plaintiff certainly knew after Makita served its initial disclosures on September

27

28

1    24, 2009.  Furthermore, Plaintiff has already had an opportunity to depose Hyde[1].  Joint Status

2    Report (#41).  Trial is set for March 14, 2011 (#37).

3           Applying the factors in *Manneh,* there is no harm because (1) Plaintiff is not prejudiced

4    or surprised because he knew of Hyde, deposed Hyde, and time still remains for further discovery

5    if needed; (2) the prejudice, if any, can be easily cured; (3) there is little likelihood of disruption

6    of the trial; and (4) there is no indication of bad faith or willfulness involved in Makita's late

7    disclosure.  *Manneh*, 2010 WL 3212129.

8           Here, there is no harm because there is little chance of prejudicing Plaintiff. Any

9    prejudice that might have occurred is easily remedied.

10   **IV.  The Proper Sanction**

11   FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) states:

12          If a party fails to provide information or identify a witness as required by Rule 26(a)
            or (e), the party is not allowed to use that information or witness to supply evidence
13          on a motion, at a hearing, or at a trial, unless the failure was substantially justified or
            is harmless. **In addition to or instead of this sanction, the court, on motion and
14          after giving an opportunity to be heard:**

15                 **(A) may order payment of the reasonable expenses, including attorney's
                   fees, caused by the failure;**
16
                   **(B) may inform the jury of the party's failure; and**
17
                   **© may impose other appropriate sanctions, including any of the
18                 orders listed in Rule 37(b)(2)(A)(i)-(vi).**

19   (Emphasis added).

20          The Court should consider whether a sanction is proper under a five-factor test analyzing:

21   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

22   docket; (3) the risk of prejudice to the non-offending party; (4) the public policy favoring

23   disposition of cases on their merits; (5) the availability of less drastic sanctions.  *Wendt v. Host*

24   *Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

25          Excluding expert testimony is not proper when there are other, less severe sanctions

26

27 _____

28          [1] Plaintiff has reserved the right to re-depose Hyde in the event that this Motion (#23) is
     denied.  Makita does not object.  Joint Status Report (#41).

1   available.  *Galentine V. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993-994

2   (W.D. Wash. 2004) (holding that exclusion of testimony was not the proper sanction because

3   discovery could be extended and summary judgment could be amended if any new evidence

4   surfaced).  Where the harm can be easily remedied, exclusion is not the proper sanction. *See*

5   *Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (holding

6   that exclusion was not proper where plaintiff knew of defendant's experts even before filing the

7   complaint).

8          Here, exclusion of Makita's expert witness is not the proper sanction.  There is no

9   overarching public interest in this case.  The court's docket has not been and will not be overly

10  taxed by Makita's untimely disclosure.  The risk of prejudice to Plaintiff is minimal and easily

11  remedied because there is still time for Plaintiff to depose Hyde before trial.  This case should be

12  tried on its merits, and less drastic sanctions are available.

13         Further, if Makita is unable to use its expert, it will be greatly disadvantaged at trial.

14  Excluding Hyde's testimony may directly lead to dismissal because Makita will be unable to

15  rebut or present its alternative fire causation theory.  One Circuit Court has held that exclusion

16  was improper for a six week-late expert disclosure where the exclusion functioned as a

17  dismissal.  *Esposito v. Home Depot*, 590 F.3d 72, 78 (1st Cir. 2009).  The Ninth Circuit has said:

18         While contumaciousness toward the court needs a remedy, something other than
19         case-dispositive sanctions will often suffice. Dismissal is appropriate where a pattern
           of deception and discovery abuse [makes] it impossible for the district court to
20         conduct a trial with any reasonable assurance that the truth would be available.

21  *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

22         Here, Makita has not been conspicuously stubborn, rebellious, or exhibited a pattern of

23  deception and discovery abuse.  Therefore, because excluding their expert would likely cause a

24  default and because their tardiness caused limited harm, a lesser sanction should be imposed.

25         In *Galentine*, defendant argued that plaintiff's expert gained a tactical advantage in having

26  the opportunity to review defendant's expert's report prior to producing his own report.

27  Defendant also argued that it would be prejudiced by having to extend the discovery deadline so

28  that it could depose plaintiff's expert.  *Galentine*, 333 F. Supp. 2d at 994.  The court ultimately

1   concluded that:

2       ...the appropriate sanction is to allow the jury to be informed of the fact of
        non-disclosure. Defendant will be allowed to inform the jury of the fact that
3       plaintiff's expert saw defendant's expert report before producing his own report.
        While not striking the evidence, this would remedy the prejudice defendant's are
4       concerned with; it would cast doubt on the credibility of plaintiff's expert.

5   *Galentine*, 333 F. Supp. 2d at 994-95.  That same sanction is appropriate here.

6       In addition to the sanction of informing the jury, the court may also order payment of

7   reasonable expenses, including attorney fees caused by the tardy disclosure and the necessity of

8   filing this motion.  FED. R. CIV. P. 37(c)(1)(A).

9                                    **<u>ORDER</u>**

10      Based on the foregoing, and good cause appearing therefore,

11      IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions Barring Makita From

12  Using Its Expert Disclosure and Its Rebuttal Expert From Testifying on Its Behalf (#23) is

13  **DENIED**.

14      IT IS FURTHER ORDERED that Makita is to make its expert witness, Hyde, available

15  for the taking of a deposition, if the plaintiff desires one, before February 1, 2011.

16      IT IS FURTHER ORDERED that the plaintiff may also add a rebuttal witness, if it

17  desires. The plaintiff's rebuttal expert must be disclosed by February 28, 2011. Makita will be

18  entitled to a copy of the rebuttal witness' expert report, but is not authorized to take the

19  deposition of that expert witness.

20      IT IS FURTHER ORDERED that the jury will be informed of Defendant's late expert

21  disclosure.  The jury will also be informed that Defendant's expert saw Plaintiff's expert reports

22  before producing his own report.

23      IT IS FURTHER ORDERED that on or before January 21, 2011, Plaintiff shall file an

24  Affidavit of  attorney fees and costs for bringing the Motion (#23), for replying to Makita's

25  Opposition, and for attendance at the hearing.

26      IT IS FURTHER ORDERED that a response to the affidavit, if any, shall be filed on or

27  before January 28, 2011.

28  . . . .

8

1    IT IS FURTHER ORDERED that a hearing on the Affidavit for fees and costs is

2    scheduled for **February 8, 2011, at 1:30 PM** in LV courtroom 3D, 3d floor Lloyd D. George

3    United States Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada.

4    DATED this   6th   day of January, 2011.

5

6

7

8    ROBERT J. JOHNSTON
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28